```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

**KENNETH E. LONG, *et al.*,**

       Plaintiffs,

  vs.                           Civil Action 2:13-cv-786
                                Judge Watson
                                Magistrate Judge King

**STATE FARM INSURANCE, *et al.*,**

       Defendants.

## REPORT AND RECOMMENDATION

     This action was originally filed in the Municipal Court for Franklin County, Ohio, on June 28, 2013, and was removed to this Court on August 7, 2013, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(d). *Notice of Removal*, ECF 1. The *Complaint*, ECF 2, asserts individual claims for breach of contract, fraud, bad faith, and unjust enrichment and class claims on behalf of policy owners "from St. Louis to the east coast" whose insurance claims were allegedly wrongfully denied and whose insurances rates were allegedly wrongfully increased by defendants. The *Complaint* demanded $8,400 in compensatory damages for breach of contract, an amount in excess of $25,000 for fraud and punitive damages, and $15,000 for damages and the refund of insurance premiums.

     On October 11, 2013, the parties stipulated to the voluntary dismissal, with prejudice, of the class allegations. *Stipulated Voluntary Dismissal of Class Allegations*, ECF 10. Plaintiffs' fraud and unjust enrichment claims were also dismissed on defendants' motion. *Opinion and Order*, ECF 18. Defendants' motion for summary

judgment on plaintiffs' bad faith and punitive damages claims, ECF 19, was granted on November 20, 2014. *Order*, ECF 23. The only claims remaining in the action are plaintiffs' individual claims for breach of contract.

This matter is now before the Court, upon a specific order of reference pursuant to 28 U.S.C. § 636(b)(1)(B), *see Order*, ECF 29, for consideration of *Defendant State Farm Fire and Casualty Company's Status Report and Motion to Remand to State Court* ("*Defendant's Motion*"), ECF 26. Defendant argues that this action should be remanded to the Franklin County Municipal Court because this Court lacks jurisdiction under 28 U.S.C. § 1332. Defendant specifically argues that plaintiffs "would never be able to recover the minimum set by 28 U.S.C.S. § 1332" because plaintiffs' remaining claims seek only $8,500 in compensatory damages, $500 in costs, and $2,000 in expenses. *Id*. at pp. 2-3. Although they were granted an extension of time to respond to *Defendant's Motion*, *Order*, ECF 28, plaintiffs have not filed a response to *Defendant's Motion*.

Under 28 U.S.C. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants to the district court of the United States for the district and division embracing the place where such action is pending." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996) (quoting 28 U.S.C. § 1441(a)). Federal courts are vested with "original 'diversity' jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th

2

Cir. 2000) (citing 28 U.S.C. § 1332(a)). District courts are also vested with original diversity jurisdiction in a class action where the amount in controversy exceeds $5,000,000 and where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(1).

A removing party bears the burden of demonstrating federal jurisdiction and all doubts should be resolved in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006). This standard requires that the moving party demonstrate by a preponderance of the evidence not only the diverse citizenship of the parties but also that the jurisdictional amount has been met. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 571-72 (6th Cir. 2001); *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010). "[T]he determination of federal jurisdiction in a diversity case is made as of the time of removal." *Rogers*, 230 F.3d at 871 (citing *Ahearn v. Charter Twp. of Bloomfield,* 100 F.3d 451, 453 (6th Cir. 1996)). Once jurisdiction vests, subsequent events that reduce the amount in controversy to an amount less than the jurisdictional limit will not ordinarily divest the Court of jurisdiction. *See id*. at 871-73. Nevertheless, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447.

As discussed *supra*, defendants removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332(d). *Notice of Removal*, pp. 4-11. In their *Notice of Removal*, defendants provided uncontested evidence that there were more than 100 members in

3

plaintiffs' proposed class, that one or more members of the alleged class were citizens of a state different from that of any defendant, and that the aggregate amount in controversy exceeded $5,000,000. Defendant State Farm does not contend that this Court lacked jurisdiction over the case at the time of removal based on these facts. *See Defendant's Motion*, p. 3 ("While the case was properly removed at first, . . . ."). Instead, defendant argues that this Court now lacks subject matter jurisdiction because plaintiffs' remaining claims for breach of contract do not meet the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a). Defendant's argument is not well taken.

As noted *supra*, "the determination of federal jurisdiction in a diversity case is made as of the time of removal." *Rogers*, 230 F.3d at 871. Defendants provided evidence in their *Notice of Removal* to establish jurisdiction under 28 U.S.C. § 1332(d), and State Farm does not disagree that this Court had jurisdiction at the time of removal. *See Defendant's Motion*, p. 3. Defendant's arguments to the contrary notwithstanding, the subsequent dismissal or resolution of some of plaintiffs' claims does not serve to divest this Court of jurisdiction. *See Rogers*, 230 F.3d at 871-73; *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990) ("'[E]ven if part of the claim is dismissed on a motion for summary judgment, thereby reducing plaintiff's claim below the requisite amount, the court retains jurisdiction to adjudicate the balance of the claim.'") (quoting 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3702 (1985)).

It is therefore **RECOMMENDED** that *Defendant State Farm Fire and*

4

*Casualty Company's Status Report and Motion to Remand to State Court*, ECF 26, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


May 13, 2015                             *s/Norah McCann King*
                                          Norah M$^c$Cann King
                                   United States Magistrate Judge

5