UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kenneth Long, *et al.*,

    Plaintiffs,

v.                                 Case No. 2:13–cv–786

State Farm Insurance, *et al.*,       Judge Michael H. Watson

    Defendants.

## OPINION AND ORDER

Defendant removed this case to this Court from Franklin County Municipal Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d); 1453 ("CAFA"). Thereafter, the parties stipulated to a dismissal of all class allegations. ECF No. 10. The Court subsequently dismissed in their entirety Plaintiffs' individual claims for fraud and unjust enrichment as well as Plaintiffs' individual claims for breach of contract against Defendants Eric Snider ("Snider") and Lowell Moon ("Moon"). ECF No. 18. The Court later dismissed Plaintiffs' bad faith claims and their request for punitive damages. ECF No. 23. The only remaining claim is Plaintiffs' claim for breach of contract against Defendant State Farm Insurance ("State Farm").

State Farm then moved to remand the case to Franklin County Municipal Court. Mot. Remand, ECF No. 26. It argued that, according to Plaintiffs' original complaint filed in that court, Plaintiffs' incurred $8,500 to repair their roof, $500 for the production of reports and estimates, and requested $2,000 as

compensation for the time, effort, and expenses involved in resolving this matter. It contended that, without the class action allegations or Plaintiffs' other, now-dismissed individual claims, the amount in controversy no longer exceeds $75,000. Accordingly, it argued, this Court lacks subject matter jurisdiction over the remaining breach of contract claim.

Magistrate Judge King thereafter issued a report and recommendation ("R&R"), recommending the Court deny Defendant's motion to remand. She noted that Defendants removed this case to federal court, providing uncontested evidence that there were more than 100 members in Plaintiffs' proposed class, that there was diversity, and that the aggregate amount in controversy exceeded $5,000,000 and was thus sufficient to establish jurisdiction under CAFA. R&R 4, ECF No. 30. She noted Defendants do not contend the Court lacked jurisdiction at the time of removal but argue rather that Plaintiffs' *remaining, individual* claim fails to satisfy the $75,000 amount in controversy threshold for jurisdiction pursuant to 28 U.S.C. § 1332(a). Citing *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871–73 (6th Cir. 2000) and *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir. 1990), Magistrate Judge King concluded that "the subsequent dismissal or resolution of some of plaintiffs' claims does not serve to divest this Court of jurisdiction." R&R 4, ECF No. 30.

State Farm objects.

Magistrate Judge King issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any

part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

Defendant does not disagree with the rule that "the determination of federal jurisdiction in a diversity case is made as of the time of removal" or that "events occurring after removal that reduce the amount in controversy do not oust jurisdiction." *Rogers*, 230 F.3d at 871, 872 (citing *Ahearn v. Charter Twp. Of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996)). Nor does it disagree with Magistrate Judge King's conclusion that this Court had subject-matter jurisdiction over this case pursuant to CAFA at the time of removal. Rather, State Farm first asserts that Plaintiffs did not object to its motion to remand. Obj. 1, ECF No. 31. Next, it contends that Magistrate Judge King's reliance on *Rogers* may be misplaced, stating *Rogers* was abrogated by *Powerex Corp. v. Reliant Energy Services*, 551 U.S. 224 (2007). *Id.* at 2. State Farm then reiterates its position that although the case was properly removed to this Court, the Court now lacks subject-matter jurisdiction because there is no way Plaintiffs' remaining claim meets the jurisdictional amount-in-controversy threshold. *Id.*

First, the Court declines to remand a case back to state court for lack of jurisdiction simply because one party has failed to object to another party's remand motion. Second, Defendant's reliance on *Powerex* is misplaced. *Powerex* merely held that the statutory bar on appellate review of cases

remanded to state court for lack of subject-matter jurisdiction (28 U.S.C. § 1447(c)) is not limited to only those defects in subject-matter jurisdiction existing at the time of removal that rendered the removal itself jurisdictionally improper. 551 U.S. at 232. In so holding, the Court specifically recognized the "general rule that postremoval events do not deprive federal courts of subject-matter jurisdiction," 551 U.S. at 232 n.1 (citing *Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 391 (1998)), and nothing in the opinion purports to abrogate that rule. *Miller v. Volkswagen of Am., Inc.*, 889 F. Supp. 2d 980, 987 (N.D. Ohio 2012) ("[N]othing in *Powerex* disturbed the principle set forth by the Supreme Court in *St. Paul Mercury* [*Indem. Co. v. Red. Cab Co.*, 303 U.S. 283 (1938)] as recognized by the Sixth Circuit in *Rogers*.").

The law remains that post-removal events do not oust jurisdiction. As such, this Court does not lack subject matter jurisdiction over Plaintiffs' remaining claim just because Plaintiffs' class allegations were dismissed or because the remaining claim, standing alone, does not meet the jurisdictional threshold. *Wisconsin Dept. of Corrs. v. Schacht*, 524 U.S. 381, 391 (1998) ("A case such as this one is more closely analogous to cases in which a *later* event, say, . . . a subsequent reduction of the amount at issue below jurisdictional levels, destroys previously existing jurisdiction. In such cases, a federal court will *keep* a removed case." (citations omitted)); *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379 (7th Cir. 2010) (finding the district court retained jurisdiction over a case removed pursuant to CAFA even after plaintiff amended the complaint to remove

class allegations); *Metz v. Unizan Bank*, 649 F.3d 492, 500–01 (6th Cir. 2011) (federal courts retain subject matter jurisdiction over actions filed in federal court pursuant to CAFA even after denial of class certification); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) ("In gauging the amount in controversy, courts view the claims from the vantage point of the time of removal. Claims present when a suit is removed but subsequently dismissed from the case thus enter into the amount-in-controversy calculation." (citing *St. Paul Mercury Indem. Co.*, 303 U.S. 283 (1938))); *Klepper*, 916 F.2d at 340 ("Jurisdiction, once established, cannot be destroyed by a subsequent change in events. For example, 'even if part of the claim is dismissed on a motion for summary judgment, thereby reducing plaintiff's claim below the requisite amount, the court retains jurisdiction to adjudicate the balance of the claim.'" (quoting 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3702 (1985))).

Accordingly, Defendant's objections to the R&R are **OVERRULED** and its motion to remand, ECF No. 26, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**